In the Matter of the Adoption of KAYLA R., an Infant. LOWELL L.M., Respondent; SCOTT R., Appellant. [890 NYS2d 228]—

Appeal from an order (denominated decision) of the Family Court, Genesee County (Eric R. Adams, J.), entered October 3, 2008 in an adoption proceeding. The order adjudged that the consent of respondent to the adoption of his child by petitioner is not required.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that his consent to the adoption of his child by petitioner, the mother's husband, is not required pursuant to Domestic Relations Law § 111 (1) (d), respondent father contends that he was denied his right to effective assistance of counsel because his attorney did not challenge the constitutionality of section 111 (1) (d). We reject that contention, inasmuch as the failure to advance a challenge that has no merit does not constitute ineffective assistance of counsel (*see generally Matter of Hui H.*, 232 AD2d 248 [1996]). In *Caban v Mohammed* (441 US 380, 392 [1979]), the United States Supreme Court held that, where a parent has not "come forward to participate in the rearing of his [or her] child," the Equal Protection Clause does not preclude a state from withholding from that parent the privilege of vetoing the adoption of the child. Section 111 (1) (d) thereafter was amended in an effort to bring the statute into compliance with *Caban* (*see Matter of Raquel Marie X.*, 76 NY2d 387, 399 [1990], *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984 [1990]). The statute

now provides that consent by the father of a child born out of wedlock who has been placed with the adoptive parents more than six months after the birth of the child is unnecessary only in the event that the father fails to "maintain[ ] substantial and continuous or repeated contact with the child." (Domestic Relations Law § 111 [1] [d].) Thus, according to the United States Supreme Court, the statute is not unconstitutional (*see Lehr v Robertson*, 463 US 248, 267-268 [1983]; *see also Raquel Marie X.*, 76 NY2d at 400). Furthermore, because the father's contact with the child is not as extensive as the mother's contact with the child, we conclude that the absence of a challenge by the father's attorney to the constitutionality of the statute based on a claim of the denial of equal protection of the law as applied to the father also did not deprive him of meaningful representation. We note that the father's attorney properly attempted to demonstrate that the father in fact maintained substantial contact with the child, based on his payment of child support and his visits and communications with the child. Present—Scudder, P.J., Hurlbutt, Martoche, Centra and Peradotto, JJ.